UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIVEK SHAH,<br><br>            Plaintiff,<br><br>v.<br><br>PERIDIO, INC.,<br><br>            Defendant. | Case No. 2:25-cv-12373-SB-E<br><br><br>ORDER TO SHOW CAUSE RE<br>SUBJECT-MATTER<br>JURISDICTION |

Plaintiff Vivek Shah filed the complaint on December 22, 2025, asserting a single cause of action under the California Invasion of Privacy Act (CIPA) and asserting diversity jurisdiction as the sole basis for jurisdiction.  Dkt. No. 1.  Plaintiff alleges that he resides in Los Angeles County and that Defendant "is a Delaware business entity . . . conducts business with California residents through [its] website."  *Id.* ¶¶ 8–9.  The brief complaint alleges that Plaintiff accessed Defendant's website on "numerous occasions, including on or about September 22, 2025" at which time third-party tracking scripts embedded into the website "caused the contents of Plaintiff's communication . . . to be transmitted in real time from Plaintiff's browser to third-party servers regardless of Plaintiff's cookie preference selections."  *Id.* ¶¶ 10, 14.  Based on these allegations, Plaintiff seeks $5,000 in statutory damages for each violation, injunctive relief, and costs.  *Id.* at 5 (prayer for relief).

This Court has a duty to assess whether federal subject-matter jurisdiction exists and may consider the issue sua sponte at any stage of the proceedings.  *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (recognizing that "Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case").  Diversity jurisdiction exists where there is complete diversity of citizenship between the parties and the amount

1

in controversy exceeds \$75,000.[1]  28 U.S.C. §§ 1331, 1332(a).  Complete diversity means that each of the plaintiffs must be a citizen of a different state than each of the defendants.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).  A corporation is a citizen of the states where its principal place of business is located and in which it is incorporated.  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *see Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010) (a "principal place of business" refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities," i.e., "the corporation's 'nerve center'").  The party invoking jurisdiction—here, Plaintiff—has the burden of establishing its existence.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Neither of the requirements for diversity jurisdiction is met here.  Plaintiff does not adequately allege the citizenship of Defendant, a corporation, because he alleges only that it is a "Delaware business entity" and does not allege the location of its principal place of business.  Nor has Plaintiff demonstrated that the amount in controversy is met, given that he seeks only \$5,000 in statutory damages based on vague allegations of "numerous" visits to Defendant's website.

Accordingly, Plaintiff is ORDERED to show cause, in writing, by no later than January 19, 2026, why the Court should not dismiss this case without prejudice for lack of subject-matter jurisdiction.  Alternatively, Plaintiff may file an amended complaint by January 19 if, in good faith, he can allege plausible facts establishing subject-matter jurisdiction.  *Failure to timely comply may result in dismissal without prejudice*.

Date: January 9, 2026

_____
Stanley Blumenfeld, Jr.
United States District Judge

---

[1] Although the complaint asserts diversity jurisdiction exists under the § 1332(d), it includes no class allegations, and thus the Court analyzes jurisdiction under the traditional diversity provision in § 1332(a).