UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| VIVEK SHAH,<br><br>    Plaintiff,<br><br>v.<br><br>PERIDIO, INC.,<br><br>    Defendant. | Case No. 2:25-cv-12373-SB-E<br><br><br>ORDER EXTENDING DEADLINE TO FILE AMENDED COMPLAINT |

In response to the Court's order to show cause (OSC) concerning subject-matter jurisdiction, Plaintiff asserts that the complaint met his burden to demonstrate diversity jurisdiction, but states that if the Court disagrees, he can "add more details in an amended complaint." Dkt. No. 13. Plaintiff's request for additional time to file an amended complaint is granted. He may file an amended complaint no later than January 27, 2026.

Plaintiff is incorrect that the allegation of "numerous" $5,000 statutory violations satisfies the amount in controversy. His allegation, even "liberally construed," is too conclusory to show that the statutory violations add up to exceed $75,000. *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003) ("Conclusory allegations as to the amount in controversy are insufficient."). As currently alleged, the complaint seeks only statutory damages. In the absence of any other damages allegations, the complaint must plausibly allege over 15 separate violations to reach the jurisdictional amount, assuming Plaintiff can do so in good faith. *See* Fed. R. Civ. P. 11(b) ("By presenting to the court a pleading . . . [an] unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.").

1

With respect to Defendant's citizenship, as the Court described in the OSC, a corporate defendant's place of incorporation and principal place of business are distinct concepts.  *See* Dkt. No. 11 at 2 (explaining that a corporation is a citizen of both its state of incorporation and where it maintains its principal place of business).  Even if the state of incorporation and principal place of business is the same, Plaintiff must allege the location of both.

"A federal court can decide cases only when it has subject matter jurisdiction."  *Shamrock Dev. Co. v. City of Concord*, 656 F.2d 1380, 1384 (9th Cir. 1981); *see also Barker-Hatch v. Viejas Grp. Baron Long Capitan Grande Band of Digueno Mission Indians of Viejas Grp. Rsrv., Cal.*, 83 F. Supp. 2d 1155, 1156 (S.D. Cal. 2000) ("It is axiomatic that federal judicial power extends only to cases and controversies over which a court has subject matter jurisdiction.").  If Plaintiff is unable to plausibly allege the requirements of diversity jurisdiction, he may pursue his claims in state court.

Date: January 20, 2026

_____
Stanley Blumenfeld, Jr.
United States District Judge