**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

VIVEK SHAH,

Plaintiff,

v. Case No.: 2:25-cv-12373-SB-E

PERIDIO, INC.,

Defendant.

# FIRST AMENDED COMPLAINT

## INTRODUCTION

1. This is a civil action under the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 631(a), for the real-time interception of the contents of Plaintiff's electronic communications while he used Defendant's website, https://docs.peridio.com/.
2. Defendant embedded third-party tracking and analytics code on its website that caused Plaintiff's search queries—words typed by Plaintiff into Defendant's on-site search bar—to be contemporaneously transmitted to third-party companies, including Google and others, while the communications were in transit and before any notice or consent was provided.
3. Section 631(a) prohibits any person from willfully reading or learning the contents of a communication in transit without the consent of all parties, and it further imposes liability on anyone who aids, employs, or agrees with others to do so. Defendant violated this statute by deploying and enabling the interception architecture at issue.
4. Plaintiff seeks statutory damages and injunctive relief as authorized by Cal. Penal Code §

637.2.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. For clarity, CIPA provides for $5,000 statutory damages per violation. There are at least fifteen violations, which amount to at least $75,000 in damages. In the alternative, this Court has supplemental jurisdiction under 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over Defendant because Defendant purposefully directed its conduct toward California by operating an interactive commercial website that it knew and intended would be used by California residents, including Plaintiff, and by causing the interception of communications originating in California.

7. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District, and Plaintiff was located in this District when the interceptions occurred.

## PARTIES

8. Plaintiff Vivek Shah is a citizen of the United States and a resident of Los Angeles County, California.

9. Defendant Peridio, Inc. is a Delaware business entity that owns and operates the website https://www.peridio.com/ and conducts business with California residents through that website. It is a citizen of Delaware and Tennessee, and its principal place of business is located at 1507 Woodland Street, Nashville, TN 37206.

## FACTUAL ALLEGATIONS

**A. Plaintiff's Use of Defendant's Website**

10. On at least fifteen occasions, from September 22, 2024 through September 22, 2025, including specifically on September 22, 2025, Plaintiff accessed Defendant's website from his computer while located in California and used the website's search functionality to submit multiple search queries.
11. The website includes a search bar that allows users to enter text queries to search Defendant's site content.
12. During his use of the website, Plaintiff submitted multiple search queries through the website's search bar.

**B. Contemporaneous Interception of Search Communications**

13. Unknown to Plaintiff, Defendant had embedded third-party tracking and analytics scripts on the website, including code associated with third-party companies such as Google and others.
14. When Plaintiff submitted his search query, those third-party scripts caused the contents of Plaintiff's communication—the exact search terms he typed—to be transmitted in real time from Plaintiff's browser to third-party servers regardless of Plaintiff's cookie preference selections.
15. The transmissions occurred contemporaneously with Plaintiff's communication to Defendant and while the communication was in transit.
16. Plaintiff observed and documented one of these transmissions using standard browser developer tools, which showed network requests to third-party domains containing Plaintiff's search terms in the request payload or URL parameters. The interception observed during this search confirmed that the same interception mechanism operated on

Plaintiff's prior search queries.

**C. Lack of Notice or Consent**

17. Upon initial access of the website, Plaintiff was presented with a cookie consent banner that included an option to decline cookies. Plaintiff affirmatively selected the option to "Decline All" before submitting any search queries.

18. Notwithstanding Plaintiff's express rejection of unnecessary cookies and tracking, Defendant's website continued to transmit the contents of Plaintiff's search communications to third-party domains in real time.

19. Defendant did not provide clear or conspicuous notice that search communications would be intercepted or shared with third parties even if a user rejected cookies, nor did Defendant obtain Plaintiff's prior consent to such interception.

20. Plaintiff did not consent—expressly or impliedly—to the interception of his communications by third parties.

**D. Defendant's Role in the Interception**

20. The interception of Plaintiff's communications occurred because Defendant affirmatively chose to embed and deploy the third-party code on its website.

21. Defendant thereby aided, employed, and agreed with third parties to read and learn the contents of Plaintiff's communications while they were in transit.

**COUNTS One Through Fifteen**

**(Violation of Cal. Penal Code § 631(a))**

22. Plaintiff incorporates by reference the preceding paragraphs.

23. Plaintiff's search queries constitute the contents of electronic communications within the meaning of Cal. Penal Code § 631(a).

24. Defendant, and third parties acting in concert with Defendant, willfully read, learned, and attempted to learn the contents of Plaintiff's communications while they were in transit and without the consent of all parties.

25. Defendant is liable under § 631(a) for aiding, employing, and agreeing with others to carry out the unlawful interceptions.

26. Each third party's unlawful interception of Plaintiff's contents of communications is a separate and distinct violation of the law. Each instance of interception is a separate and distinct violation of the law. Multiple interceptions by multiple third parties took place between September 22, 2024 through September 22, 2025.

27. Plaintiff used the search bar and conducted searchers on Defendant's website at least fifteen times during the aforementioned time period.

28. Plaintiff was injured by the invasion of his statutory privacy rights each time his search communications were intercepted. Proof of additional damages is not required under Cal. Penal Code § 637.2(c).

**PRAYER FOR RELIEF**

Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendant as follows:

A. Statutory damages of $5,000 for each violation of Cal. Penal Code § 631(a), pursuant to Cal. Penal Code § 637.2;

B. Injunctive relief prohibiting Defendant from intercepting, or aiding others in intercepting, the contents of website communications without prior consent;

C. Costs of suit and any other relief the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: January 20, 2026

Respectfully submitted,

/s/ Vivek Shah
Vivek Shah
1301 N Broadway Ste 32167
Los Angeles, CA 90012
newvivekshah@gmail.com
(224) 246-2874